**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DSI DISTRIBUTING, INC.,                                                                               PLAINTIFF

v.                          No. 4:06CV01577 JLH

SHANNON OSBORNE                                                          DEFENDANT

**OPINION AND ORDER**

DSI Distributing, Inc., has filed a motion for temporary restraining order and preliminary injunction. On November 1, 2006, the Court conducted a hearing on the motion for temporary restraining order. DSI appeared through its attorneys, Cyril Hollingsworth and Mark H. Allison. Shannon Osborne appeared in person and with her attorney, Elizabeth Robben Murray.

DSI is one of two nationwide wholesale distributors for DirectTV. Osborne was formerly employed by DSI as a sales representative in Marietta, Georgia. She sold DirectTV to satellite television retailers in Georgia, Alabama, South Carolina, and Tennessee. DSI and Osborne entered into an employment agreement, part of which included a covenant not to compete and part of which included a covenant to maintain the secrecy of confidential and proprietary information provided to her. One of the provisions of the noncompetition agreement prohibited Osborne from being employed by Perfect 10 Antenna Company, which is the other wholesale distributor for DirectTV, within a radius of 120 miles of any DSI location.

Notwithstanding the noncompetition agreement, Osborne recently resigned from DSI and went to work for Perfect 10 in North Little Rock, Arkansas, as an inside sales representative calling on potential retailers of DirectTV in Louisiana. DSI has a location in Little Rock, Arkansas.

Osborne testified during the TRO hearing that she took with her no confidential or proprietary information of DSI. She testified that DirectTV assigns to DSI and Perfect 10 their respective leads, and neither company can call on leads provided by DirectTV to the other company. She testified that DSI and Perfect 10 do not compete on price because the pricing is determined by DirectTV and is identical for both wholesalers.

The employment agreement provides that it is governed by Iowa law. The Supreme Court of Iowa has established a three-prong test to be applied in determining whether a noncompetition clause in an employment contract is enforceable:

1. whether the restriction is reasonably necessary for the protection of the employer's business;

2. whether the covenant is unreasonably restrictive of the employee's rights; and

3. whether the covenant is prejudicial to the public interest.

*Moore Bus. Forms, Inc. v. Wilson*, 953 F. Supp. 1056, 1064 (N.D. Iowa 1996); *Revere Transducers, Inc. v. Deere & Co.*, 595 N.W.2d 751, 760-61 (Iowa 1999). According to Osborne's testimony at the TRO hearing, the relationship between DirectTV and its wholesale distributors, DSI and Perfect 10, precludes her, as a sales representative for Perfect 10, from calling on customers or potential customers of DSI for the purpose of attempting to sell DirectTV. In addition, according to her testimony, DSI and Perfect 10 do not engage in price competition because the pricing is established by DirectTV. Assuming for purposes of ruling on the TRO motion that Osborne's testimony accurately describes the manner in which DirectTV relates to its two wholesale distributors, the restrictive covenants in her employment agreement with DSI are not reasonably necessary for the protection of DSI. Hence, based on that testimony, DSI would not be able to meet the first prong

of the test established by the Supreme Court of Iowa to determine whether a restrictive covenant in an employment contract is enforceable.

When ruling on a temporary restraining order, the Court looks to the factors stated by the Eighth Circuit in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). *See Moore Bus. Forms*, 953 F. Supp. at 1061. Those factors are:

1. the threat of irreparable harm to the movant;

2. the balance between the harm and any injuries that granting an injunction will inflict on other litigants;

3. the probability that the movant will succeed on the merits; and

4. the public interest.

*Dataphase Sys.*, 640 F.2d at 113. At this stage, DSI has not shown a threat of irreparable harm or a probability that DSI will succeed on the merits. It follows that DSI has not met its burden under the four *Dataphase* factors of showing that it is entitled to a temporary restraining order. Therefore, the motion for temporary restraining order is DENIED. Document #2.

This ruling is based solely on the testimony of Osborne, who was the only witness at the TRO hearing. This ruling does not preclude DSI from presenting evidence at a preliminary injunction hearing or at a trial on the merits to show that it is entitled to a preliminary or permanent injunction or both.

IT IS SO ORDERED this 2nd day of November, 2006.

_J. Leon Holmes_
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE